June 12th, 1912.

5609.

(Court of Appeal, Parish of Orleans.)

# GASPAR CUSACHS vs. NEW ORLEANS RAILWAY & LIGHT COMPANY.

Where defendant has the last clear chance to avoid the accident, but fails to do so, he is liable, notwithstanding that plaintiff may himself have been at fault.

Appeal from the Civil District Court, Division "B."

H. L. Favrot, for plaintiff and appellee.

Hall, Monroe & Lemann, for defendant and appellant.

ST. PAUL, J.—This case involves only issues of fact and the application of well recognized principles of law. The District Judge gave in writing the following reasons for judgment:

"This is an action for $1,500.00 damages for personal injuries sustained by plaintiff, caused by a car of the defendant company colliding with him while crossing a street.

"The testimony, as usual in this class of cases, is conflicting, but the Court from hearing the witnesses and reading carefully and considering the evidence since the argument, finds the following facts:

"The plaintiff was walking up Royal Street on the lake side, at 9:30 in the morning. When opposite the plumbing shop of Mr. Schekeler, about 60 feet above St. Peter Street, a friend standing in front of the shop, called to him to come over. When he did so the plaintiff stopped, looked down Royal Street, saw a Clio car about Orleans Street, and people waiting at Orleans and St. Peter Streets to board the car. He then started to cross the street in a slightly diagonal direction. Royal Street is about 30 feet wide, paved at the time with large square stone blocks. The plaintiff found the street had just been watered, and the blocks slippery, and therefore was looking carefully just where he should step. When he was between the rails (in front) of the car, a distance of not over fifteen feet from the gutter, his friend halloaed to him "For God's sake jump, the car is on you." The plaintiff (attempted) to do so but before he could clear the track, the bumper of the car struck him on the left hip, and knocked him to the gutter on the river side.

"The car stopped and took on passengers at Or-

leans Street. It did not stop at St. Peter Street. It was behind time and running at full speed. The car was opposite Mannessier's confectionery, on the lower side of St. Peter Street, when the plaintiff was in the street between or near the tracks. It was at Orleans Street when plaintiff was on the banquette about to cross the street. It was running at an excessive rate of speed, for before plaintiff could walk ten feet, it ran the distance from Orleans Street to the plumber shop. It was broad daylight, and the motorman, if he had been looking could easily have seen the plaintiff in ample time to have stopped his car and avoided the accident.

"The proximate cause of the accident was the negligence of the motorman in running his car at an excessive rate of speed, so as to catch up his lost time, and in not looking and seeing plaintiff on or about to cross the tracks. If he had been looking he could easily have seen plaintiff, and could have stopped his car, which was a small, light one, in time. The plaintiff was not guilty of negligence, for he had a right to cross the street, and he looked and saw the car far enough away for him to do so, before attempting to cross.

"Plaintiff was confined to his bed and house about four weeks, and was compelled, on account of the injuries to his knee, to walk on crutches for some months. He was severely bruised and suffered much pain from his injuries. No bones were broken nor were his injuries permanent.

"There is no fixed rule to guide in assessing damages. Every case stands on its own merits. The Court considers $750.00 damages sufficient.

"Judgment for plaintiff for seven hundred and

fifty dollars and costs.

(Signed)     "Fred D. King, Judge."

The foregoing opinion clearly states the issues and correctly disposes of them. We disagree however with that part reading as follows: "The plaintiff was not guilty of negligence, for he had the right to cross the street, and saw the car far enough away for him to do so before attempting to cross."

It is a simple case of "res ipsa loquitur" as to this. The car was evidently not far enough away to enable him to cross in safety, under the circumstances, and it was an error of judgment on his part to attempt it. He was therefore not without legal **fault** when he made the attempt.

But from the moment that plaintiff stepped from the sidewalk and started towards the track, carefully picking his way across the wet and slippery pavement, "neither stopping, looking nor listening" for the on coming car, but on the contrary wholly oblivious thereof, he was clearly in a position of danger, and being in full view of the motorman it was the latters duty to see him and take, at once, the proper steps to avoid the accident.

Evidently, however, this was not done, for the car was over one hundred and fifty feet away when plaintiff started to cross the street, and the car would have been checked in time, had the effort to do so been made at once, as it should have been. And the District Judge correctly appreciated the true cause of the accident and the resulting liability of the defendant when he said; "The proximate cause of the accident was the negligence of the motorman in running his car at an excessive rate of speed, so as to catch up his lost time, and in not looking and seeing plaintiff on or about to cross the tracks. If he had been looking he could easily have seen

— 354 —

plaintiff and could have stopped his car, which was a light one, in time."

Where defendant has the last clear chance to avoid the accident, but fails to do so, he is liable notwitstanding that plaintiff may himself have been at fault.

Judgment affirmed.

Dufour, J., concurs in the decree.

Rehearing refused, July 29th, 1912.

Notice of intention to apply to Supreme Court for writ, etc.